UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**JOSEPH P. VAN DE LAARSCHOT**
820 Beverly Lane
West Bend, WI 53095

      **Plaintiff,**

v.                                                                                                          Case Number:  16-CV-98

**LAKELAND PRINTING COMPANY, INC.**
c/o Gregg D. Walker
510 Chippewa Street
Minocqua, WI 54548, and

**THE LAKELAND TIMES**
510 Chippewa Street
Minocqua, WI 54548,

      **Defendants.**

---

# COMPLAINT

The Plaintiff, Joseph P. Van De Laarschot, bases his Complaint against the Defendants, Lakeland Printing Co., Inc. and The Lakeland Times, on the following allegations:

## NATURE OF THE CASE

1.  The Plaintiff, Joseph P. Van De Laarschot, ("Van De Laarschot") brings suit under the Americans with Disabilities Act of 1990, as amended, ("ADA") [42 U.S.C. § 12101, *et seq*.], against the Defendants, Lakeland Printing Co., Inc. and The Lakeland Times (collectively "Lakeland") to redress the Defendants' unlawful termination and discrimination of Van De Laarschot and to redress Van De Laarschot's unlawful discharge.

## JURISDICTION AND VENUE

2. Jurisdiction over the Plaintiff's claims under the ADA is conferred on this Court by 42 U.S.C. § 12117.

3. The Western District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391 because the Defendants conduct business within the Western District and the unlawful actions occurred in the Western District.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro. have been performed or have otherwise occurred.

## PARTIES

5. The Plaintiff, Van De Laarschot, is an adult citizen of the State of Wisconsin, residing in the County of Washington, whose address is 820 Beverly Lane, West Bend, WI 53095.

6. Defendant, Lakeland Printing Company, Inc., whose registered agent is Gregg D. Walker, 510 Chippewa Street, Minocqua, WI 54548, and has principle offices located at 510 Chippewa Street, Minocqua, WI 54548, and, upon information and belief, is a corporation conducting substantial business in Oneida County, Wisconsin.

7. Defendant, The Lakeland Times, has principle offices located at 510 Chippewa Street, Minocqua, WI 54548, and, upon information and belief, is a corporation conducting substantial business in Oneida County, Wisconsin.

## OPERATIVE FACTS

8. Van De Laarschot worked for the Lakeland as a reporter.

9. Van De Laarschot suffers from a disability and has diagnosis from his physician of depression and anxiety. He has received medical treatment and takes medication for his disability.

10. On December 26, 2013, Van De Laarschot was in a car accident on his way to work. The car accident aggravated Van De Laarschot's disabilities to the point where he had difficulties driving to work and completing his assignments.

11. At the time of the accident, Van De Laarschot lived in Rhinelander and commuted to work in Minocqua for work daily. Van De Laarschot's daily commute was approximately 45 minutes long.

12. Shortly after the accident, Van De Laarschot informed his supervisors, Ray Rivard and Heather Holmes, that the recent car accident had exasperated his anxiety and depression. He indicated that he was having difficulty commuting to and from work everyday because of his anxiety and depression.

13. Van De Laarschot requested a reasonable accommodation from his supervisors. Van De Laarschot requested that he be allowed to work from his home or the Northwoods River News office, a sister paper of the Lakeland Times in Rhinelander, a few times per week.

14. Van De Laarschot discussed his issues with anxiety and depression with Rivard almost everyday after the accident. Van De Laarschot would explain to Rivard how his anxiety and depression hindered his ability to work and why an accommodation was necessary.

15. On January 10, 2014, the Defendants terminated Van De Laarschot indicating that they were eliminating his position. At the time he was terminated, Rivard and Holmes told Van De Laarschot that it would be better for him to not work, and to live on public benefits.

16.     Upon information and belief, the Defendants are covered employers that have employed fifteen or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year.

17.     The Plaintiff filed a complaint with the Wisconsin Equal Rights Division on September 2, 2014.  The Plaintiff's complaint was also filed with the Equal Employment Opportunity Commission and was given Case No. 26G201401401293(c).

18.     The Plaintiff received a Notice of Right to Sue in EEOC Case No. 26G201401401293(c) dated November 18, 2015.

## FIRST CAUSE OF ACTION
## AMERICANS WITH DISABILITIES ACT [42 U.S.C. § 12101]

19.     The Plaintiff restates and re-alleges paragraphs 1 through 18 of this Complaint.

20.     Van De Laarschot was an individual suffering from a disability that substantially limited one or more of his major life activities, including driving, concentrating, and other activities, as defined by the ADA.

21.     Van De Laarschot's anxiety and depression also affected a major bodily function.

22.     As a direct result of the allegations described herein, Van De Laarschot's employment was adversely effected.  The Defendants discriminated against Van De Laarschot by terminating him because of his anxiety and depression.

23.      As a direct result of the allegations described herein, Van De Laarschot suffered loss of wages, benefits, incurred expenses, and other compensation.  Van De Laarschot also suffered emotional pain and mental anguish to his damage.

**DEMAND FOR RELIEF**

Wherefore the Plaintiff, Van De Laarschot, demands relief as follows:

A. The Court enter a judgment for the Plaintiff that the Defendants violated the ADA;

B. The Court award the Plaintiff back pay with interest to be determined by a jury;

C. The Court award the Plaintiff compensatory damages for loss of benefits, expenses, emotional pain, and mental anguish to be determined by a jury;

D. The Court award the Plaintiff punitive damages to be determined by a jury;

E. The Court award the Plaintiff reasonable attorney's fees;

F. The Court award the Plaintiff his costs and disbursements in prosecuting this action; and

G. The Court order such other relief as it may deem just, equitable, or appropriate.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF NOT LESS THAN 12 PERSONS.

Dated at Wauwatosa, Wisconsin, this 16th day of February, 2016.

**MacGILLIS WIEMER, LLC**
Attorneys for the Plaintiff, Joseph P. Van De Laarschot


s/Ryan S. MacGillis
Ryan S. MacGillis
State Bar No. 1080802
MacGillis Wiemer, LLC
11040 W. Bluemound Rd., Ste. 100
Wauwatosa, WI 53226
T: (414) 727-5150
F: (414) 727-5155
ryan@macgilliswiemer.com